1  MCGREGOR W. SCOTT
   United States Attorney
2  KURT A. DIDIER
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-MC-0017-TLN-DB |
| Plaintiff, | **STIPULATION RE GARNISHMENT; AND ORDER THEREON** |
| v. | |
| KLAUS PETRY, | |
| Defendant and Judgment Debtor, | Criminal Case No. 2:97-CR-00242-EJG |
| MERIWEST CREDIT UNION, | |
| Garnishee. | |

Plaintiff United States, defendant and judgment debtor Klaus Petry, and Defendant's spouse, Brigitte Petry (collectively the Parties), hereby stipulate to a final resolution of the United States' pending garnishment action against Defendant as follows:

1. On February 6, 2018, the United States applied for a writ of garnishment against Defendant's bank accounts at garnishee, Meriwest Credit Union. ECF No. 1. The Clerk issued the writ on February 8, 2018. ECF No. 2. The United States served the writ of garnishment and its attachments on the Garnishee on February 9, 2018 and on Defendant on February 22, 2018. ECF Nos. 4 and 6, respectively.

2. The United States' writ seeks to recover Defendant's unpaid restitution balance pursuant

to the restitution order incorporated in the Judgment in a Criminal Case filed on October 2, 1997 in the criminal case referenced above. ECF No. 2. Defendant's unpaid balance was $50,974.16 at, or about the time, the United States sought this writ. Subsequent credits have reduced that balance to approximately $49,271.72. The United States' writ also seeks to recover the ten percent litigation surcharge on the debt balance ($5,097.41) authorized by 28 U.S.C. § 3011(a). *Id*.

3. Meriwest Credit Union served its Acknowledgment and Answer (the Answer) to the United States' writ on February 13, 2018. ECF No. 5. The Answer states that Defendant maintains three accounts with a total approximate balance of $10,689.89 at the time of service, though with subsequent deposits, the balance has grown to approximately $12,645.68.

4. This balance is inadequate to satisfy the unpaid restitution and the litigation surcharge. Following negotiations, the Parties have agreed to a settlement of this garnishment action that has four principle components. The settlement: apportions the Meriwest funds; terminates the garnishment action against the Meriwest funds; establishes a payment plan for the restitution balance and litigation surcharge; and substitutes the Security Benefit individual retirement annuity Defendant co-owns with Mrs. Petry, as garnished collateral for Defendant's Meriwest bank accounts.

5. The Parties notified the Court on April 25, 2018 that they had agreed to a settlement of this garnishment action. ECF No. 7. To effectuate their settlement, the Parties agree the Court can and should enter a final order reflecting the following terms and conditions:

    A. <u>Apportionment of Meriwest funds</u>.

        i. To the United States—$6,000 shall be garnished from Defendant's savings account S01 and paid to the Clerk of Court towards restitution as stated more specifically in the accompanying order; and

        ii. To the Defendant—the funds balance (estimated at $6,645.68) shall be released to Defendant for his and any joint owner's use.

    B. <u>Termination of the Meriwest Credit Union garnishment</u>.

The Meriwest garnishment shall terminate once Meriwest makes the payment to the Clerk of Court as stated in paragraph 5Ai, above.

Stipulation re Garnishment and Order

C. <u>Payment plan for the restitution balance and litigation surcharge</u>.

Defendant's estimated restitution balance will be $43,271.72 (the Restitution Remainder) after the $6,000 garnishment payment is credited to his account. Defendant shall pay this Remainder in full plus a $5,000 litigation surcharge by May 30, 2018, according to the payment instructions stated in the accompanying order. The United States will furnish Defendant the precise Restitution Remainder within 24 hours of Defendant's payment pay-off request.

D. <u>Garnishment of Defendant's co-ownership of Mrs. Petry's IRA</u>.

Defendant and Mrs. Petry are husband and wife (the Petrys). Mrs. Petry is the owner of an individual retirement annuity—Contract No. x-5601—maintained at and serviced by Security Benefit Corporation in Topeka, KS (the IRA). The Petrys warrant that the IRA balance was $160,960.18 as of February 22, 2018. Mrs. Petry affirms that, for purposes of this stipulated garnishment, $60,000 of the IRA balance constitutes community property which shall be garnished so as to secure Defendant's Restitution Remainder and surcharge.

The Petrys stipulate to the garnishment of Mrs. Petry's Security Benefit IRA as follows. First, that the Court may issue a writ of garnishment pursuant to 28 U.S.C. § 3205(c)(1) directing the IRA garnishee (identified below) to withhold and retain sufficient funds such that, pending further order of this Court, the IRA balance will remain above $60,000. Second, the Petrys agree that they will not redeem nor seek the distribution of any IRA funds that would drop the annuity balance below $60,000 unless they first seek and obtain the Court's approval following notice to the United States. The Petrys affirm they will return, within 48 hours, to the IRA administrator any funds they receive that decrease the account balance below $60,000. They will concurrently apprise the United States of their actions. Finally, if the Defendant fails to pay the Restitution Remainder and litigation surcharge by the May 30, 2018 deadline, that the United States may thereafter unilaterally move the Court for a disposition order of the garnished IRA pursuant to 28 U.S.C. § 3205(c)(7).

The Petrys acknowledge and voluntarily waive the garnishment procedures set forth in 28 U.S.C. 3205, and the enforcement of judgment procedures stated elsewhere in the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.*, which include the right to notice and a hearing (28 U.S.C. § 3202(a) and (d)), and to claim exemptions (28 U.S.C. §§ 3014 and 3202(b)).

Stipulation re Garnishment and Order

The Petrys warrant the proper garnishee for the IRA is Security Benefit Corporation, located at One Security Benefit Place, Topeka, KS 66636-0001. The United States may move for entry of a disposition order of the garnished IRA if Defendant does not make his final payments to the United States by the May 30, 2018 deadline.

6. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

Respectfully submitted,

FOR THE UNITED STATES:

MCGREGOR W. SCOTT
United States Attorney

Dated: May 7, 2018    By:    */s/ Kurt A. Didier*
KURT A. DIDIER
Assistant United States Attorney

FOR THE DEFENDANT:

Dated: May 7, 2018    By:    */s/ Klaus Petry*
KLAUS PETRY, in pro per

and

Dated: May 7, 2018    By:    */s/ Brigitte Petry*
BRIGITTE PETRY, in pro per

**O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation re Garnishment (the Stipulation), and good cause appearing therefrom, herby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. The United States' application for a final order of garnishment is GRANTED.

2. Meriwest Credit Union, as garnishee, is directed to LIQUIDATE and PAY to the Clerk of Court, within 15 days of the filing of this order, $6,000.00 from defendant Klaus Petry's savings account No. S01. Once Meriwest Credit Union makes the $6,000.00 payment, it shall RELEASE the savings account balance and the balances of any other garnished accounts to Klaus Petry and any joint owner of the accounts so that they may again use the accounts.

3. Meriwest Credit Union shall make the $6,000.00 payment payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Meriwest Credit Union shall also state the docket number (Case No.: 2:97-cr-00242-EJG) on the payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

4. Upon Meriwest Credit Union's payment and release of funds as directed above, this writ of garnishment shall TERMINATE with respect to Meriwest Credit Union.

5. Defendant Klaus Petry shall PAY the United States a litigation surcharge of $5,000 via bank draft or cashier's check made payable to the "United States Department of Justice" and mailed overnight to the U.S. Bank Government Lockbox, Attn: DOJ Production Manager/Box 790363, 1005 Convention Plaza, SL-MO-C2Gl, St. Louis, MO 63101. The check shall state " CDCS Number 2018A26585" on the face of the check. This payment is due by May 30, 2018.

6. A writ of garnishment is ISSUED against defendant Klaus Petry's community property interest in his wife, Brigitte Petry's, Security Benefit individual retirement annuity—Contract No. x-5601—(the IRA). Garnishee Security Benefit Corporation is directed to WITHHOLD and RETAIN $60,000 in the IRA pending further order from this Court. The United States shall serve a copy of this order on Security Benefit Corporation within five days from the date this order is filed at One Security

Benefit Place, Topeka, KS 66636-0001.

7. Security Benefit Corporation is hereby SUBSTITUTED as the garnishee of record in place of Meriwest Credit Union. All future filings in this case shall reflect Security Benefit Corporation as the garnishee of record.

8. The United States may seek a final DISPOSITION order of the garnished IRA pursuant to 28 U.S.C. § 3205(c)(7) if defendant Klaus Petry fails to pay the Restitution Remainder as defined in paragraph 5C of the stipulation above and the litigation surcharge by May 30, 2018.

9. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

IT IS SO ORDERED.

Dated: May 11, 2018

Troy L. Nunley
United States District Judge

Stipulation re Garnishment and Order